IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01454-BNB

TIMOTHY WILLIAM SMITH,

      Plaintiff,

v.

ARMSTRONG, Officer, #07054,
RIVERA, Officer, # 07070,
UNKNOWN OFFICER,
QUALITY INN DENVER, and
ZOBEL, Public Defender,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Timothy William Smith, is currently detained at the Denver County Jail. Mr. Smith initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      The Court will construe the Complaint liberally because Mr. Smith is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for pro se litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Smith will be ordered to file an amended complaint.

      Mr. Smith alleges in the Complaint that on January 25, 2013, three officers knocked on the door of the motel room where Plaintiff and his wife were staying and

advised Plaintiff that they had received a complaint from the motel about a smell coming from the room.  A motel employee then came to the room to look at the sink.  Defendant Armstrong declared the motel room a crime scene and he and another officer began searching the room.  In the meantime, Defendant Officer Rivera determined that Plaintiff and his wife both had outstanding arrest warrants.  Mr. Smith  was detained in the motel room and questioned about whether he and his wife were conducting illegal activities there.  Plaintiff responded that he was making a videotape for their grandchildren.  The Defendant police officers removed Mr. Smith and his wife from the motel and transported them to the Denver County Jail where they were booked.  Plaintiff alleges that all of his personal property was left in the motel room and has since been lost or destroyed.  He claims that Defendant Quality Inn had no lawful grounds to call the police; that the Defendant police officers did not have probable cause to enter and search the motel room, in violation of his Fourth Amendment rights; and that the officers acted negligently in failing to preserve his personal property.  Mr. Smith states that at his preliminary hearing he told Defendant Zobel, the court-appointed public defender, that the police officer Defendants had committed a crime against Plaintiff and his wife. Defendant Zobel responded that he only represented the Plaintiff in the criminal case and refused to report the crime against Plaintiff.  Mr. Smith then "fired" Mr. Zobel. Plaintiff requests injunctive and monetary relief, including compensation for the personal property he lost in the motel room.

The Complaint is deficient because Mr. Smith does not allege facts to support an arguable § 1983 claim against Defendant Quality Inn Denver, a private entity.   Section § 1983 provides a cause of action against a person who deprives another of a

constitutional or federal statutory right while acting under color of state law.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 & n. 18 (1982) (liability attaches only to conduct occurring under color of state law, and conduct constituting "state action" under the Fourteenth Amendment satisfies this requirement). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

Furthermore, Mr. Smith's claims against Defendant Zobel, his former court-appointed public defender, are not actionable under § 1983.  A public defender representing an indigent defendant in a state criminal proceeding does not act under color of state law.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).  Although a public defender may be paid with state funds, he acts independent of the state's authority, and instead exercises his independent judgment in representing a criminal defendant.  *See Dodson*, 454 U.S. at 317-19.  Mr. Smith, therefore, cannot recover under § 1983 against Defendant Zobel, who represented him briefly in the state criminal proceeding.  As such, Plaintiff should not include a claim against Defendant Zobel in the amended complaint.

Finally, Mr. Smith does not allege in the Complaint whether he was convicted of the criminal charges stemming from the alleged search and seizure that occurred at the Quality Inn Denver in January 2013.  If Mr. Smith was convicted, his Fourth Amendment

claims may be barred by **Heck v. Humphrey**, 512 U.S. 477 (1994).  Under *Heck*, a

plaintiff cannot assert a § 1983 claim that, if successful, would necessarily imply the

invalidity of a previous conviction or sentence, unless the plaintiff can demonstrate

favorable termination of the prior conviction or sentence.  *Id.* at 487.  As the Supreme

Court held:

> In order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87. The purpose behind **Heck** is "to prevent litigants from using a § 1983

action, with its more lenient pleading rules, to challenge their conviction or sentence

without complying with the more stringent exhaustion requirements for habeas actions."

**Butler v. Compton**, 482 F.3d 1277, 1279 (10th Cir. 2007).  **Heck's** bar does not apply

to anticipated convictions. **Wallace v. Kato**, 549 U.S. 384, 388 (2007).

Heck applies only to those claims that would necessarily imply the invalidity of

any conviction." **Beck v. City of Muskogee**, 195 F.3d 553, 557 (10th Cir.1999).

Generally, claims challenging the legality of an arrest or search are not barred by **Heck**

because the application of doctrines such as independent source, inevitable discovery,

and harmless error preclude a conclusion that a successful § 1983 action would

necessarily imply that a plaintiff's conviction was unlawful. *Id.* at 558; **see also Heck**,

512 U.S. at 487 n.7.  To recover damages in a § 1983 action, however, the plaintiff must

prove that an unlawful arrest or search caused him actual, compensable injury, which

4

does not encompass the 'injury' of being convicted and imprisoned." *Heck*, 512 U.S. at 487.  Furthermore, in the situation where the plaintiff would not have been convicted without the unlawfully seized evidence, the § 1983 Fourth Amendment claims are barred by *Heck*.  *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012); *see also Johnson v. Pottawotomie Tribal Police Dep't*, No. 10-3242, 411 F. App'x. 195, 199 n. 4 (10th Cir. Feb. 9, 2011) (unpublished) ("We have previously acknowledged some claims of illegal search and seizure are not automatically barred by *Heck* if 'ultimate success on them would not necessarily question the validity of a conviction.' However, that is not true of [plaintiff]'s claims." quoting *Beck*, 195 F.3d at 558)).

In the amended complaint that Mr. Smith will be directed to file, he should provide additional facts about the status of the criminal charges stemming from the alleged unlawful search and seizure at the motel room.   Accordingly, it is

ORDERED that Plaintiff, Timothy William Smith, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss some of the Defendants without further notice for the reasons discussed above.

DATED July 10, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge