IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01454-MSK-CBS

TIMOTHY WILLIAM SMITH,
     Plaintiff,
v.

OFFICER ARMSTRONG # 07054,
OFFICER RIVERA # 07070, and
OFFICER UNKNOWN,
     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

     This civil action comes before the court on Defendants Armstrong's and Rivera's Motion to Dismiss.   Pursuant to the Order Referring Case dated August 19, 2013 (Doc. # 13) and the memorandum dated November 5, 2013 (Doc. # 26), this matter was referred to the Magistrate Judge.   The court has reviewed the Motion, Plaintiff's Response (filed January 23, 2014) (Doc. # 39), Defendants' Reply (filed February 10, 2014) (Doc. # 40), the pleadings, the entire case file, the hearing held on January 7, 2014 (*See* Courtroom Minutes/Minute Order (Doc. # 38)), and the applicable law and is sufficiently advised in the premises.

## I.     Statement of the Case

     Mr. Smith sues Defendants under Title 42 U.S.C. § 1983 for damages arising out of his arrest at a motel on January 25, 2013.   (*See* Amended Complaint (Doc. # 8) at 3 of 11). Defendants Armstrong and Rivera of the Denver Police Department responded to a call from a hotel employee asking them to investigate a smell coming from one of the rooms and to remove

1

Mr. Smith and his wife from the room.   (*See id.*).   Mr. Smith alleges that he was cooking meat "on a small propane grill all day."   (*See id.* at 4 of 11).   When Defendants Armstrong and Rivera arrived at the motel room, they asked Mr. Smith and his wife to provide their names. (*See id.* at 3, 7 of 11).   Defendants arrested Mr. Smith and his wife on unrelated outstanding felony warrants.   (*See id.* at 3, 10 of 11).   The charges that arose from the events that occurred on January 25, 2013 were later dismissed.   (*See* Courtroom Minutes/Minute Order (Doc. # 38)).   On the date that the Preliminary Scheduling Conference was held, Mr. Smith was incarcerated on the charges underlying the warrants for his arrest.   (*See id.*).

In Claim One, Mr. Smith alleges that Defendants violated his constitutional rights under the Fourth Amendment to the U.S. Constitution by an unlawful search and invasion of his privacy without probable cause.   (*See* Doc. # 8 at 3-5 of 11).   In Claim Two, he alleges "neglect/liability" against Defendants for failure to secure his personal property that remained in the room after his arrest.   (*See id.* at 3, 6 of 11).   In Claim Three, he alleges "[i]llegal search lead to fruit of a poisonous tree" against Defendants for entering the room, forcing him to reveal his name, and arresting him on outstanding warrants.   (*See id.* at 7 of 11).   The court interprets Claim Three as an additional Fourth Amendment claim.   Mr. Smith seeks monetary damages.   (*See id.* at 9 of 11).

II.   Standard of Review

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

> In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations . . . as true and view those allegations in the light

most favorable to [Plaintiff].   The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and the accuracy of which is not in dispute.

A claim is subject to dismissal if it fails to state a claim for relief that is plausible on its face.   To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.   The Court takes the remaining, well-pled factual contentions as true and ascertains whether those facts, coupled with the law establishing the elements of the claim, support a claim that is plausible or whether the claim being asserted is merely conceivable or possible under the facts alleged.   What is required to reach the level of plausibility varies from context to context, but generally, allegations that are so general that they encompass a wide swath of conduct, much of it innocent, will not be sufficient.

*Zasada v. City of Englewood,* No. 11-cv-02834-MSK-KMT, 2013 WL 1331455, at * 3 (D. Colo. March 29, 2013) (internal quotation marks and citations omitted).[i]


III.   Analysis

Section 1983 permits "citizen[s]" and "other person[s] within the jurisdiction" of the United States to seek legal and equitable relief from "person[s]" who, under color of state law, deprive them of federally protected rights.   42 U.S.C. § 1983.   Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law.   *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).   "In order to successfully state a cause of action under section 1983, [Plaintiff] must allege . . . the deprivation of a federal right and that the alleged action was taken under color of state law."   *Southern Disposal, Inc. v. Texas Waste Management*, 161 F.3d 1259, 1265 (10th Cir. 1998) (internal quotation marks and citation omitted).

A.     Fourth Amendment Claims

The Fourth Amendment protects the public from "unreasonable searches and seizures."

U.S. CONST. amend. IV.[ii]   The Fourth Amendment does not prevent a warrantless government

search, but it does guarantee "that no such search will occur that is 'unreasonable.'"   *Illinois v.*

*Rodriguez*, 497 U.S. 177, 183 (1990).   *See also Brower v. Cnty. of Inyo*, 489 U.S. 593, 599

(1989) (emphasizing that seizure "alone is not enough for § 1983 liability; the seizure must be

unreasonable") (internal quotation marks omitted);   *Texas v. Brown*, 460 U.S. 730, 739 (1983)

(Fourth Amendment's "central requirement" is one of reasonableness).   "[C]ourts have long

recognized that the reasonableness of a seizure depends not just on why or when it is made,

but also on how it is accomplished."   *Fisher v. City of Las Cruces*, 584 F.3d 888, 894 (10th Cir.

2009) (citation omitted).

The requirements of the Fourth Amendment apply to a motel room.   *See Hoffa v. United*

*States*, 385 U.S. 293, 301 (1966) ("A hotel room can clearly be the object of Fourth Amendment

protection as much as a home. . . .");   *United States v. Wicks*, 995 F.2d 964, 969 (10th Cir.

1993) ("A motel room may be considered a 'dwelling' for purposes of the validity of a

warrantless arrest.");   *United States v. Owens*, 782 F.2d 146, 149 (10th Cir. 1986) ("It is settled

that a motel guest is entitled to constitutional protection against unreasonable searches of his or

her room.").

Only individuals who have a legitimate expectation of privacy in the room may invoke the

protections of the Fourth Amendment.   *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) ("capacity

to claim the protection of the Fourth Amendment depends . . . upon whether the person who

claims the protection of the Amendment has a legitimate expectation of privacy in the invaded

place.") (internal quotation marks and citation omitted).   The right to protection in a hotel room

4

is dependent "on the right to private occupancy of the room."   *United States v. Croft*, 429 F.2d 884, 887 (10th Cir. 1970).   Mr. Smith has the burden of establishing an expectation of privacy in the hotel room that society is prepared to recognize as reasonable.   *United States v. Creighton*, 639 F.3d 1281, 1286 (10th Cir. 2011) (citation omitted).   "[T]he demonstration of a legitimate expectation of privacy is a threshold standing requirement, and analysis cannot proceed further without its establishment."   *United States v. Singleton*, 987 F.2d 1444, 1449 (9th Cir. 1993) (internal quotation marks and citation omitted).

When analyzing the issue of "reasonable expectation of privacy," the Tenth Circuit traditionally requires a party to demonstrate that he was the registered occupant of the room or that he was sharing it with the person to whom the room was registered.   *United States v. Gordon*, 168 F.3d 1222, 1226 (10th Cir. 1999).   The mere presence of an individual in a motel room does not prove a reasonable expectation of privacy there.   *See United States v. Robertson*, 297 F. App'x 722, 726 (10th Cir. 2008) (finding no reasonable expectation of privacy where the hotel room was not registered to any of the occupants).   An invited guest may possess a reasonable expectation of privacy in the premises of his host, but "[m]ere physical possession or control of property is not sufficient to establish standing to object to a search of that property."   *United States v. Conway*, 73 F.3d 975, 979 (10th Cir. 1995).

Mr. Smith alleges that the room was not rented or registered in his name and that he did not pay for the room.   (*See* Doc. # 8 at 3, 4 of 11).   He alleges that because he and his wife had no identification, the room was registered in the name of a friend, Jesse.   (*See id.*).   Mr. Smith does not allege that he was registered as an additional guest or that he was sharing the room with Jesse.   (*See* Doc. # 8).   He does not allege Jesse's last name or that Jesse was ever present at the motel.   (*See id.*).   Applying controlling Tenth Circuit precedent to the totality

5

of the facts alleged, the court concludes that Mr. Smith has not sufficiently alleged that he had a legitimate expectation of privacy in the motel room.

As to Mr. Smith's claim that Defendants forced him to reveal his name, the Supreme Court has long recognized that "interrogation relating to one's identity or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure." *INS v. Delgado*, 466 U.S. 210, 216 (1984).   Defendants' request for Mr. Smith's and his wife's names did not implicate any of their Fourth Amendment rights.   *See Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt County*, 542 U.S. 177, 185 (2004) ("In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment.").   As to Mr. Smith's claim that "[i]llegal search lead to fruit of a poisonous tree," the existence of an outstanding warrant supports probable cause for an arrest.   *United States v. Thornton*, 463 F.3d 693, 698 (7th Cir. 2006).   For these reasons, Mr. Smith fails to state a claim to which relief can be granted for violation of his Fourth Amendment rights.

In sum, Mr. Smith does not state a Fourth Amendment claim because his allegations do not state a reasonable expectation of privacy in the motel room, the interrogation relating to his identity did not implicate his Fourth Amendment rights, and the felony warrant supported probable cause for his arrest.


B.    Claim for "Neglect/Liability"

In his Claim Two, Mr. Smith alleges "Neglect/Liability" against Defendants for failure to "inventory, photograph or put into evidence" his personal property that remained in the hotel room after his arrest.   (*See* Doc. # 8 at 3, 6 of 11).

First, to the extent Mr. Smith intended to allege a § 1983 claim, liability may not be

predicated on negligence.   *See Camuglia v. City of Albuquerque*, 448 F.2d 1214, 1222-23

(10th Cir. 2006) (negligence cannot be the basis for a constitutional violation);   *Medina v. City*

*and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence

do not give rise to section 1983 liability"), *overruled in part on other grounds by Cnty. of*

*Sacramento v. Lewis*, 523 U.S. 833 (1998).

Second, to the extent that Mr. Smith intended to allege a state law claim for negligence, it

is governed by the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. §

24-10-106.   The CGIA establishes sovereign immunity for all public employees for all actions in

tort or which could lie in tort, except as specifically provided.   Colo. Rev. Stat. § 24–10–105.

In parts pertinent to this case, the CGIA provides that Defendants are immune from liability

unless liability has been waived and their conduct was willful and wanton.   Colo. Rev. Stat. §

24-10-118(2)(a).   Mr. Smith's Claim Two is based on Defendants' alleged failure to inventory

the property in the motel room where he was arrested.   The CGIA does not provide a waiver of

immunity based on these allegations.   *See* Colo. Rev. Stat. §§ 24-10-106(1)(a)–(h).

"[T]o be willful and wanton, public employees must be consciously aware that their acts

or omissions create danger or risk to the safety of others, and they then act, or fail to act,

without regard to the danger or risk."   *Gray v. University of Colorado Hosp. Authority*, 284 P.3d

191, 198 (Colo. App. 2012).   Whether a plaintiff has pled sufficient facts to state a claim

alleging that a public employee's acts or omissions were willful and wanton is a threshold

determination to be made by the court.   *Id.* (citing *Rohrbough v. Stone*, 189 F.Supp.2d 1088,

1097 (D. Colo. 2001)).   *See also Barham v. Scalia*, 928 P.2d 1381, 1385 (Colo.App.1996)

("Whether a plaintiff has pleaded sufficient facts to state a claim based upon willful and wanton

conduct is to be determined by the court.").   The CGIA clearly requires a party to include the

7

"specific factual basis" for any allegation that the conduct was "willful and wanton." Colo. Rev. Stat. § 24-10-110(5)(a).   "Failure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state a claim upon which relief can be granted."   Colo. Rev. Stat. § 24–10–110(5)(b). *See also Robinson v. City and County of Denver*, 39 F.Supp.2d 1257, 1264 (D. Colo. 1999) ("The statute 'requires that a plaintiff set forth in his complaint specific facts which support his claim that public employees acted willfully and wantonly'; conclusory allegations are insufficient.").   Mr. Smith does not allege that Defendants acted willfully and wantonly.   Nor does he allege any factual basis that Defendants' acts or omissions were willful and wanton. Defendants have immunity and Claim Two is properly dismissed.   *See Carothers v. Archuleta County Sheriff*, 159 P.3d 647, 652 (Colo. App. 2006) (if no waiver of immunity exists under the CGIA for the alleged tortuous conduct of a public employee, the employee is immune from suit unless the plaintiff sufficiently pleads willful and wanton conduct by the employee).

Third, the CGIA required Mr. Smith to file a notice of claim within one hundred eighty-two days after the date of the discovery of his injury.   *See* Colo. Rev. Stat. § 24-10-109(1).[iii]   The CGIA contains the requirements for a notice of tort claim:

> (a) The name and address of the claimant and the name and address of his attorney, if any;
> (b) A concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of;
> (c) The name and address of any public employee involved, if known;
> (d) A concise statement of the nature and the extent of the injury claimed to have been suffered;
> (e) A statement of the amount of monetary damages that is being requested.

Colo. Rev. Stat. § 24-10-109(2).   "[A] plaintiff must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal."   *Aspen Orthopaedics & Sports Medicine, LLC v.*

*Aspen Valley Hosp. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003).   *See also Kratzer v. Colorado Intergovernmental Risk Share Agency*, 18 P.3d 766, 769 (Colo. App. 2001) (A plaintiff must allege in his complaint that he "has complied with the jurisdictional prerequisite of filing of a notice of claim.") (citation omitted).   "Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action."   Colo. Rev. Stat. § 24-10-109(1).   *See also Maestas v. Lujan*, 351 F.3d 1001, 1014 (10th Cir. 2003) (compliance with the notice requirement is jurisdictional and failure to comply with the notice requirements is "an absolute bar to suit.") (citation omitted).

Mr. Smith does not allege or argue that he provided Defendants with a notice of claim pursuant to the CGIA.   Mr. Smith's Claim Two is properly dismissed based on his failure to comply with the notice requirements of the CGIA.   *See City and County of Denver v. Crandall*, 161 P.3d 627, 633 (Colo. 2007) (If a claimant fails to comply with the 180-day notice provision of the CGIA, a court must dismiss the matter for lack of subject matter jurisdiction.)

Finally, Title 28 U.S.C. § 1367(a) grants supplemental or pendent jurisdiction to federal district courts over a plaintiff's state law claims which arise out of the same transaction or occurrence as the federal claims.   A district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction."   28 U.S.C. § 1367(c)(3).   *See also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").   As the court recommends dismissal of Mr. Smith's Claims One and Three, the only claims over which this court could have had original jurisdiction, the court may

9

decline to exercise jurisdiction over his state law claim for negligence.

In sum, Mr. Smith's Claim Two is properly dismissed because it does not state a § 1983 claim, the allegations do not support waiver of Defendants' governmental immunity, the court lacks subject matter jurisdiction based on Mr. Smith's failure to plead compliance with the CGIA's notice requirement, and the court may decline supplemental jurisdiction over the state law claim.


C.    Qualified Immunity

Defendants raise the defense of qualified immunity to Mr. Smith's § 1983 claims.   "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."   *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1244 (2012) (internal quotation marks and citations omitted).   *See also Duncan v. Gunter*, 15 F.3d 989, 992 (10th Cir. 1994) (same) (internal quotation marks and citations omitted). Whether a defendant is entitled to qualified immunity is a legal question.   *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right.   Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).   "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."   *Id.*   "Qualified immunity is applicable unless"

10

the plaintiff can satisfy both prongs of the inquiry. *Id.   See also Verdecia v. Adams*, 327 F.3d 1171, 1174 (10th Cir. 2003) (Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional or statutory right and (2) the constitutional or statutory right was clearly established when the alleged violation occurred)).

As the court has determined that Mr. Smith fails to state a claim to which relief can be granted for violation of his Fourth Amendment rights, he fails to overcome an essential prong of the qualified immunity defense: that the defendant violated a constitutional or statutory right. Therefore, qualified immunity bars Mr. Smith's claims against Defendants.

D.    Doe Defendant

The court's analysis applies equally to the Doe Defendant.   Further, there is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit. *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). *See also Wenzel v. Arpaio*, 2009 WL 4154926, at * 3 (D. Ariz. 2009) ("Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action."); *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984) (Under Colorado law, naming of "John Doe" defendant does not toll statute of limitations with respect to such defendant); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) (per curiam) (affirming dismissal "as to the fictitious defendants . . . .") (citation omitted).   To the contrary, the Federal Rules provide that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.   The title of the complaint must name all the parties . . . ."   Fed. R. Civ. P.

11

10(a).   Anonymous parties are not permitted by the Federal Rules, the time period for serving the summons and complaint has expired, and Mr. Smith has not identified the anonymous Defendant.   For these reasons also, the Doe Defendant may properly be dismissed from the case.

Accordingly,

IT IS RECOMMENDED that Defendants' Motion to Dismiss (filed October 7, 2013) (Doc. # 25) be GRANTED, Claims One and Three be dismissed with prejudice for failure to state a claim to which relief can be granted and because any attempt to amend as to any of the allegations necessarily would be futile as a matter of law, Claim Two be dismissed without prejudice for lack of subject matter jurisdiction and because amendment may not be futile as a matter of law, and this civil action be dismissed in its entirety.[iv]

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);   *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."   *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the District Judge of the

12

Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.   *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);   *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).   *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 24th day of April, 2014.

BY THE COURT:


___s/Craig B. Shaffer_____
United States Magistrate Judge

---

[i]        Copies of unpublished cases are attached to this Recommendation.

[ii]        The protections of the Fourth Amendment are made applicable to the states through the Fourteenth Amendment.   U.S. Const. amend. XIV;   *Michigan v. Summers*, 452 U.S. 692, 694 n. 2 (1981);   *Marshall v. Columbia Lea Regional Hosp.*, 345 F. 3d 1157, 1171 (10th Cir. 2003).

[iii]        The statutory notice provisions of the CGIA apply when federal courts hear Colorado tort claims under supplemental jurisdiction.   *Maestas v. Lujan*, 351 F.3d 1001, 1013-14 (10th Cir. 2003) (citing *Renalde v. City & County of Denver, Colo.*, 807 F. Supp. 668,

675 (D. Colo. 1992) (holding that Colorado tort claims brought by a private plaintiff under pendent jurisdiction are subject to the notice provisions of the CGIA as a jurisdictional prerequisite to suit).

iv      "Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect."   *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010).